# IN UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

BILLY AND KAREN VAUGHN ON BEHALF OF
AARON VAUGHN, their son,*

and

CHARLES AND MARY ANN STRANGE ON BEHALF OF
MICHAEL STRANGE, their son and stepson,*

and                                                        Civil Action No.

DOUG AND SHAUNE HAMBURGER ON BEHALF OF
PATRICK HAMBURGER, their son,*

and

SIDH DOUANGDARA ON BEHALF OF
JOHN DOUANGDARA, his son,*


                    Plaintiffs,
v.

JOSEPH ROBINETTE BIDEN,
c/o 3450 Massachusetts Ave NW
Washington, D.C. 20392

and

LEON EDWARD PANETTA,
c/o 100 Campus Center, Building 86E
California State University, Monterey Bay
Seaside, California 93955

and

HAMID KARZAI,
c/o The Embassy of the Islamic Republic of Afghanistan
2233 Wisconsin Ave NW
Suite 216
Washington, D.C. 20007

and

THE ISLAMIC REPUBLIC OF AFGHANISTAN,
c/o The Embassy of the Islamic Republic of Afghanistan
2233 Wisconsin Ave NW
Suite 216
Washington, D.C. 20007

and

THE ISLAMIC REPUBLIC OF IRAN,
Interest Section
2209 Wisconsin Avenue, N.W.
Washington, D.C. 20007

                    Defendants.

        * Addresses not listed for security reasons.


## COMPLAINT

Plaintiffs Billy and Karen Vaughn, Charles and Mary Ann Strange, Doug and Shaune

Hamburger, and Sidh Douangdara, by counsel and on behalf of themselves and their sons and

stepson, ("decedents"), hereby sue Joseph Robinette Biden, Leon Edw ard Panetta, Hamid

Karzai, the Islamic Republic of Afghanistan, and the Islamic Republic of Iran, the individuals in

their personal and official capacities, for violating Plaintiffs' and decedents' constitutional rights,

for directly and proximately causing the deaths of Plaintiffs' decedents, and for directly and

proximately causing mental anguish, severe emotional distress, emotional pain and suffering, and

the loss of society, earnings, companionship, comfort, protection, care, attention, advice, counsel

or guidance, Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, have

experienced and would have experienced in the future. As grounds therefore, Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, allege as follows:

## INTRODUCTION

1. This is an action for violations of the First, Fourth, and Fifth Amendments to the U.S. Constitution.

2. This is also an action for violation of 18 U.S.C. § 2339A (engaging in terrorism), assault and battery, wrongful death, negligence, gross negligence, and intentional infliction of emotional distress.

## THE PARTIES

3. Plaintiffs Billy and Karen Vaughn are the parents of Aaron Vaughn, a member of Navy SEAL Team VI who was killed when the helicopter he was in was attacked and shot down by terrorist Taliban jihadists in Afghanistan on August 6, 2011.

4. Plaintiffs Charles and Mary Ann Strange are the father and stepmother of Michael Strange, a member of Navy SEAL Team VI who was killed when the helicopter he was in was attacked and shot down by terrorist Taliban jihadists in Afghanistan on August 6, 2011.

5. Plaintiffs Doug and Shaune Hamburger are the parents of Patrick Hamburger, a member of the Army National Guard who was killed when the helicopter he was in was attacked and shot down by terrorist Taliban jihadists in Afghanistan on August 6, 2011.

6. Plaintiff Sidh Douangdara is the father of John Douangdara, a member of Navy SEAL Team VI who was killed when the helicopter he was in was attacked and shot down by terrorist Taliban jihadists in Afghanistan on August 6, 2011.

7.   Defendant Leon Edward Panetta ("Panetta") is the former Director of the Central

Intelligence Agency from 2009 to 2011 and the Secretary of Defense from 2011 to 2013.

During the Clinton administration, he was the White House Chief of Staff, among other

posts and assignments and was found to have in effect committed improper acts while he

was White House Chief of Staff. He is also a former U.S. Congressman from California.

8.   Defendant Joseph Robinette Biden ("Biden") is the Vice President of the United States

and a former U.S. Senator from Delaware.

9.   Defendant Hamid Karzai ("Karzai") is the twelfth and current President of Afghanistan.

Defendant Karzai is internationally known to be criminally corrupt and, upon information

and belief, he compromised Navy SEAL Team VI and other special operations

servicemen's mission to pursue the Taliban leader, Qari Tahir, by selling the coordinates

of the SEAL's location and other classified information to terrorist organizations, the

Taliban and Al Qaeda, for large sums of money, or engaged in other acts.

10.  Defendant Islamic Republic of Afghanistan ("Afghanistan") is a foreign sovereign state

located in central Asia that shares borders with Iran, Turkmenistan, Uzbekistan,

Tajikistan, and Pakistan. Afghanistan is internationally known to be run effectively by

terrorist groups actively involved in a Taliban-led insurgency.

11.  Defendant Islamic Republic of Iran ("Iran") was established on April 1, 1979, when the

former leader, Shah Mohammad Reza Pahlavi, was overthrown in a coup. Under the

Supreme Leader Ayatollah Khomeini and then subsequently under the current Supreme

Leader, Khamenei, Iran is a regime that has historically and continually used force, fear,

torture, murder and other violations of human rights and crimes against humanity in order

to prop up its autocratic regime and further an Islamic caliphate in the Middle East and

worldwide. Iran seeks to ensure that the inhumane and barbaric Islamic laws of *Sharia* are imposed upon people as the will of Allah. Furthermore, Iran defies international law and jeopardizes world peace by promoting and participating in terrorism. The U.S. State Department has declared Iran a State Sponsor of Terrorism in 1984.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction) and 28 U.S.C. §1332 (Diversity of Citizenship Jurisdiction). All of the plaintiffs and defendants are citizens of different states and there is complete diversity.

13. Jurisdiction and venue are proper pursuant to 28 U.S.C. §1331, which states in pertinent part, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." At issue here is the unconstitutional violation of Plaintiffs', on behalf of their sons, Plaintiffs' decedents, rights under the First, Fourth, and Fifth Amendments to the U.S Constitution.

14. Defendant Afghanistan, Defendant Iran, and Defendant Karzai are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §§1602 *et seq*., because their conduct falls within the exceptions to foreign sovereign immunity set forth in 28 U.S.C. §§1605(a)(5) and 1605(a)(7).

15. Additionally, Defendant Afghanistan and Defendant Iran are subject to suits in the courts of the United States pursuant to the Anti-Terrorism Act Claim, 18 U.S.C. §2333, which states in pertinent part, "[a]ny national of the United States injured in his or her person, property or business by reason of an act of international terrorism, or his or her estate,

survivors, or heirs, may sue therefore in any appropriate district court of the United States
. . ."

**STANDING**

16. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, have standing to
bring this action because they have been directly affected and victimized by the unlawful
conduct complained herein. Their injuries are proximately related to the illegal conduct
of Defendants Biden, Panetta, Karzai, Afghanistan, and Iran, each and every one of them,
jointly and severally.

**STATEMENT OF FACTS**

17. On or about February 23, 1998, the terrorist organization the Taliban, in concert with
terrorist organization Al Qaeda, led by master terrorist leader Osama Bin Laden, issued a
Fatwa (Religious Decree), dictating to Muslim people the ruling to kill Americans and
their allies - civilians and military - declaring that the slaying of Americans is an
individual duty for every Muslim. In carrying out its terrorist attacks, including its attack
on members of the Navy SEAL Team VI and special operations servicemen as described
below, Defendants Karzai, Afghanistan, and Iran, acting in concert, purposefully directed
their unlawful, barbaric, and murderous actions and conduct towards the United States
and the U.S. military.

18. Since approximately 1996, the Taliban and Al Qaeda have received material support and
assistance from Defendant Afghanistan, Defendant Karzai, and Defendant Iran by and
through its officials, agents, and employees of the Taliban to carry out terrorist acts
against the United States and members of the members of the U.S. military.

19. On May 2, 2011, members of the Navy SEAL Team VI and other special forces servicemen carried out an operation that resulted in the capture and killing of Osama Bin Laden. Soon thereafter, Defendants Biden and Panetta, acting on behalf of President Obama and themselves for political purposes leading up to and to further their prospects in the 2012 presidential election, purposefully and publicly disclosed that SEAL Team VI was responsible for conducting the successful raid on Osama Bin Laden's compound, thereby making members of SEAL Team VI and other special operations servicemen a target for retaliatory attacks from the Taliban and other Islamic jihadists. Defendant Biden released the name of SEAL Team VI at a Ritz Carlton event in Delaware.

20. The then Secretary of Defense, Robert Gates, said the identity of SEAL Team VI would not be revealed. However, after Defendant Biden and shortly thereafter Defendant Panetta intentionally and purposefully released the name of SEAL Team VI, and, in Defendant Panetta's case, the personal name of the commander in charge of the particular unit that successfully raided Osama Bin Laden, Gates expressed severe criticism if not horror that the classified, national security information had been disclosed [in violation of the law.]

21. On August 6, 2011, just three months after the successful raid on Osama Bin Laden, Afghan terrorist Taliban jihadists shot down a U.S. Boeing CH-47 Chinook military helicopter in eastern Afghanistan, killing thirty Americans, including twenty-two Navy SEALs and Army National Guardsmen, and seven Afghan commandos on board. Of the Navy SEALs that were killed, the majority were members of the elite SEAL Team VI, the unit that was involved in carrying out the operation that resulted in the death of Bin Laden three months earlier. Seven Afghani commandoes died on the Chinook that night

after they were inexplicably switched out at the last minute for the previous seven

commandoes, originally scheduled to travel on the Chinook August 6, 2011.

22. The large Chinook helicopter that was shot down by the jihadists was hastily dispatched

into a severe combat zone without any escorts or air support, to reinforce U.S. Army

Rangers during a firefight with Taliban militants.

23. In addition, military officials chose a regular crew to operate the helicopter, rather than a

special operations pilot and crew, which would have been better equipped to handle the

aircraft when it was purportedly shot down by a rocket-propelled grenade that caused the

aircraft to fall vertically to the ground and burst into flames. If a MH-47, the helicopter

flown by Army Special Operations Aviation, had been used instead, it may have diverted

the enemy fire, therefore saving the lives of the twenty-two Navy SEALs and National

Guardsmen. In fact, seventeen days prior to the shoot-down of the Chinook, a similar

attack was made on an MH-47G resulting in no more than a small caliber bullet damage

to the helicopter.

24. Eastern Afghanistan is known for its hazardous terrain for military aircraft, given its steep

mountain ranges that provide shelter for militants and terrorists armed with rocket-

propelled grenade launchers. The CH-47 Chinook military helicopter - a large, slow-

moving transport carrier with its conventional airframe built in the early 1960s and last

retrofitted in the mid 1980s - is particularly vulnerable as it is often forced to ease its way

through valleys where insurgents and terrorists can achieve more level lines of fire from

mountainsides.

25. Despite the increased danger and vulnerability, as Commander-in-Chief of the Armed

Forces, President Obama, Defendant Biden, Defendant Panetta, and other high-level

military officials sent these Navy SEALs and other special operations servicemen into battle without special operations aviation and proper air support, subjecting them to reasonably foreseen and unnecessary dangers, further exposing them to insurgent and terrorist attacks and therefore death.

26. Raising the presumption that Defendants Karzai and Afghanistan conspired with the Taliban, it was Defendant Karzai who confirmed on national television that it was SEAL Team VI that was shot down.

27. Moreover, pursuant to military policies, procedures, and practices put into effect by President Obama and Defendants Biden and Panetta, special operations servicemen and others are restricted from engaging in timely return fire when fired upon by the Taliban and other terrorist groups and interests. These practices undoubtedly result in the death of servicemen. Additionally, denial of requested pre-assault fire and other prudent, preemptive resources likely contributed to the shoot-down of the Navy SEAL Team VI and special operations servicemen helicopter.

28. In addition, the Afghani forces accompanying the Navy SEAL Team VI servicemen and National Guardsmen on the helicopter were not properly vetted and, upon information and belief, acting in concert with Defendant Karzai disclosed classified information to the Taliban about the mission, resulting in the shoot-down of the helicopter. For instance, the Afghani commandos on board were inexplicitly switched out at the last minute for the previous seven commandos who were originally supposed to be on the Chinook.

29. Defendants Afghanistan and Iran have been directly and proximately involved with and caused the death of United States servicemen in the Middle East. Specifically, it has been revealed that Defendant Afghanistan, Defendant Iran, and the Taliban, and Al Qaeda pay

other terrorist organizations a $1,000 bounty for each American soldier who is murdered and $6,000 for each American Army vehicle that is destroyed. At least five companies are sending money to Islamist terrorist groups in Afghanistan in order to fund the fight against Western powers, led by the United States. The financing is so large that one Taliban money-handler claims that he personally has collected nearly $80,000 in the past. Afghani intelligences and Taliban officials have revealed how the money is transferred from straw-men companies to Afghani rebels.

30. Defendants Karzai, Afghanistan, and Iran, through their intentional, willful, and malicious conduct, have perpetuated the killing of U.S. servicemen, and have directly contributed to, and aided and abetted in the killing of the members of SEAL Team VI and other special operations servicemen described herein.

31. Adding insult to injury, the U.S. military and pursuant to the so-called Muslim outreach policies and orders of President Obama, as the Commander-in-Chief of the Armed Forces of the United States, and Defendant Biden, while prohibiting any mention of a Judeo-Christian God, invited a Muslim cleric to the ramp ceremony for the fallen Navy SEAL Team VI members, who disparaged in Arabic the memory of these servicemen by damning them as infidels to hell in the name of Allah. The prayer given by the Muslim cleric was as follows: "Amen. I shelter in Allah from the devil who has been cast with stones. [During the Haj in Mecca, one of the rituals is to case a set number of stones against a pillar representing the devil - hence, stoned/beaten with stones]. In the name of Allah the merciful forgiver. The companions of the fire [Hell - where the sinners and infidels are fodder for hell fire] are not equal with the companions of heaven. The companions of heaven [Muslims], are the winners. Had we sent this Koran to a mountain,

you would have seen the mountain prostrated in fear of Allah. [Referencing Moses - stating that the God of Moses, the God of our children, is much weaker than Allah since the mountain would have crumbled if Allah had sent his commandments to that spot.] Such examples are what we present to the people; to the people so that they would think. [Repent and convert to Islam]. Blessings are to your God [Allah] the God of glory of what they describe. And peace be upon the messengers [prophets] and thanks to Allah the Lord of both universes [mankind and Jinn]. Oh Allah, forgive and be merciful upon 'him' and make his residence in the bountiful heavens."

32. After the bodies of the Navy SEAL Team VI unit and other special operations servicemen were returned to Dover, the Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, asked for an explanation from President Obama, Defendant Biden, Defendant Panetta and other military officials including Admiral McRaven, who at all material times was in charge of the Afghan theatre. A full, satisfactory, and credible explanation was not forthcoming and has since not been made to Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents. For example, there was an encounter between Plaintiff Strange and President Obama where Plaintiff Strange told Obama that he did not need to know about his son (after the President stated in an off-the-cuff and political way, that the country needs to know about his son); rather, Plaintiff Strange wanted to know what happened to his son. Obama mentioned he would look into this "very deeply," yet still, no answers have been forthcoming.

## **FIRST CLAIM FOR RELIEF**

**(Fifth Amendment Violation – Defendants Biden and Panetta)**

**(Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics)**

33. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, repeat and reallege all of the previous allegations in paragraphs 1 through 32 of this Complaint with the same force and affect, as if fully set forth herein again at length.

34. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, enjoy a liberty interest in their personal security and in being free from the government's use of unnecessary and excessive force against their person, and enjoy a liberty of not being deprived of life without due process of law, as guaranteed by the Fifth Amendment to the U.S. Constitution.

35. Defendant Biden as Vice President of the United States and Defendant Panetta as Secretary of Defense, acting under color of federal authority, knowingly and intentionally denied Plaintiffs' constitutional rights by subjecting members of SEAL Team VI and other special operations servicemen to retaliatory attacks by the Taliban, denying them adequate protection during battle, and implementing policies and procedures that further jeopardized the servicemen's lives. Defendant Biden intentionally, willfully, and recklessly denied SEAL Team VI and other special operations servicemen pre-assault suppression fire and other prudent, preemptive military operations before going into the danger zone.

36. Shockingly, on May 3rd, 2011, just one day after the successful raid, capture, and killing of master terrorist Osama Bin Laden, Defendant Biden, acting on behalf of President Obama, intentionally, willfully, and recklessly revealed publically for the first time ever the existence of  SEAL Team VI and its accomplishment, thereby exposing members of SEAL Team VI and other special operations servicemen to an unjustifiable risk of substantial harm which directly and proximately resulted in their deaths.

37. Equally outrageous, Defendant Panetta, the Secretary of Defense at the time, disclosed classified information about the Navy SEAL Team VI unit and other special operations servicemen while attending a celebratory gathering to honor the servicemen. During this ceremony, Defendant Panetta specifically recognized the unit that conducted the raid on Osama Bin Laden and identified the ground commander by name because a "Hollywood executive" connected to the production of the movie about the raid "Zero Dark Thirty" attended the gathering.

38. Defendants Biden and Panetta acted under color of law and acted or purported to act in the performance of official duties under federal laws, as well as in their personal capacities.

39. The conduct of Defendants Biden and Panetta violated clearly established constitutional and other rights of which these Defendants knew, or of which a reasonable public official should have known.

40. Defendant Biden's and Defendant Panetta's actions, omissions, policies, patterns, practices and customs, as complained of herein, were intentional and reckless and they demonstrate a callous and conscious disregard for or deliberate indifference to the servicemen's personal safety, security, freedom, and constitutional rights. Defendant Biden and Defendant Panetta violated Plaintiffs' constitutional rights under the Fifth Amendment to the U.S. Constitution while acting under color of state and federal law and authority.

41. These violations are compensable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As a direct and proximate result of the intentional and willful actions of Defendants Biden and Panetta, Plaintiffs, Plaintiffs'

decedents, and Plaintiffs' decedents other family members have suffered severe and permanent personal injuries, damages, and losses, including but not limited to, physical harm, mental anguish, and emotional distress.

42. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, demand that judgment be entered against Defendants Biden and Panetta, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, reasonable attorneys fees, pre-judgment interest, post-interest, costs, and an award in excess of $200,000,000.00 and such other relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF

### (First Amendment Violation - Defendants Biden and Panetta)

43. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, repeat and reallege all of the previous allegations in paragraphs 1 through 42 of this Complaint with the same force and affect, as if fully set forth herein again at length.

44. Defendants Biden and Panetta, the former Secretary of Defense, acting in their official capacities, and as Obama is the Commander-in-Chief of the Armed Forces of the United States, abridged and violated Plaintiffs' First Amendment right of freedom of religion by desecrating the memory of their sons at a funeral wherein a Muslim cleric damned their sons as infidels to a claimed Islamic god, Allah (which was not the God of the fallen servicemen at issue) and prayed to Allah that the fallen servicemen go to hell. To the contrary, Defendant Biden and Panetta, prohibited any mention of Jesus Christ at the funeral for the servicemen.

45. By reason of the wrongful conduct of the Defendants, Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, suffered conscious pain, suffering, and severe emotional distress, and have suffered pecuniary and economic damage, loss of support, loss of nurture, care and guidance, grief, anguish, loss of services, loss of society, and other mental and physical injuries and accordingly.

46. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, demand judgment be entered against Defendants Biden and Panetta, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, reasonable attorneys fees, pre-judgment interest, post-interest, costs, and an award in excess of $200,000,000.00 and such other relief as the Court may deem just and proper.

### THIRD CLAIM FOR RELIEF

**(Fourth Amendment Violation - Defendants Biden and Panetta)**

47. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, repeat and reallege all of the previous allegations in paragraphs 1 through 46 of this Complaint with the same force and affect, as if fully set forth herein again at length.

48. Defendant Biden, acting in his official capacity, subjected Plaintiffs' decedents to unreasonable exposure to hostile Taliban jihad terrorists when, on May 2, 2011, shortly after the successful raid, capture, and killing of master terrorist Osama Bin Laden, Defendant Biden, intentionally, willfully, and recklessly revealed publically SEAL Team VI's accomplishment, thereby violating the national security-based protection and anonymity of Plaintiffs' decedents - an inherent protection of the Plaintiffs' decedents because of the nature of terrorism and war and the likelihood of retaliation.

49. As egregious, Defendant Panetta, the former Secretary of Defense, acting in his official capacity, subjected Plaintiffs' decedents to unreasonable exposure and retaliatory attacks when he released legally protected information to a "Hollywood executive" for the purposes of making a movie.

50. By reason of the wrongful conduct of the Defendants Biden and Panetta, each and every one of them, jointly and severally, Plaintiffs and Plaintiffs' decedents suffered conscious pain, suffering and severe emotional distress and death, and have suffered pecuniary and economic damage, loss of support, loss of nurture, care and guidance, grief, anguish, loss of services, loss of society, and other mental and physically injuries and accordingly.

51. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, demand that judgment be entered against Defendants Biden and Panetta, each and every one of them, jointly and severally, including an award compensatory and actual damages, punitive damages, reasonable attorneys fees, pre-judgment interest, post-interest, costs, and an award in excess of $200,000,000.00 and such other relief as the Court may deem just and proper.

## FOURTH CLAIM FOR RELIEF

### (18 U.S.C. 2339A - Engaging in Terrorism and Providing Material Support or Resources to a Terrorist Organization – Each and Every Defendant)

52. Plaintiffs, acting on behalf of themselves and their sons, Plaintiffs' decedents, repeat and reallege all of the previous allegations in paragraphs 1 through 51 of this Complaint with the same force and affect, as if fully set forth herein again at length.

53. Plaintiffs, acting on behalf of themselves and their sons, Plaintiffs' decedents, who are and were at all times nationals of the United States, suffered substantial injuries to their

persons, property, and business by reason of the acts of international terrorism

perpetrated by Defendants Karzai, Afghanistan, and Iran, a substantial portion of the

planning, training, and preparation for which occurred primarily outside the territorial

jurisdiction of the United States.

54. Defendant Karzai's material support and assistance to Al Qaeda, the Taliban, and

Defendants Afghanistan and Iran also constitute acts of international terrorism that

caused substantial injuries and death to the persons, property, and business of Plaintiffs

and Plaintiffs' decedents.

55. Al Qaeda and the Taliban are both terrorist organizations and are assisted by Defendants

Afghanistan, Karzai, and Iran in their terroristic conduct.

56. Defendants Karzai, Afghanistan, and Iran, acting individually and in concert, were

engaged in terrorism and violations of human and civil rights against the law of nations,

international law, and of countries and states in that, *inter alia*, they engaged in violent

acts, or acts dangerous to human life that were intended to intimidate or coerce a

population and its military, and influence the policy of a government and its people by

intimidation and coercion; and to affect the conduct of a government by mass destruction,

assassination, kidnapping or hostage taking, and other tortious acts as defined by 31 CFR

594.311 and Chapter 113B of Part I of Title 18 of the United States Code.

57. President Obama and Defendants Biden and Panetta acted individually and in concert

with Defendant Afghanistan, Defendant Karzai, Defendant Iran, and the Taliban, and Al

Qaeda when they made it their administration's goal to reach out and coddle Islamist

fundamentalists. Appallingly, Defendant Biden said in a December 2011 interview, just

three months after the death of Navy SEAL Team VI and other special operations

servicemen, that the Taliban is not America's enemy. Defendant Biden knew or should have known as Vice President of the United States that the Taliban provided a safe haven for Al-Qaeda when it launched the September 11, 2001 attacks. What is more outrageous is Defendant Biden's and the administration's attempt to win the hearts and minds of the United States' greatest enemy, the Islamists. He boasts that the rituals of Muslims should remind Americans of the principles that we hold in common with the Muslims, and Islam's role in advancing justice, progress, tolerance, and the dignity of all human beings. Defendant Biden's romanticized view of and apparent kinship with the Muslim Brotherhood, perhaps because of his Commander-in-Chief's Muslim roots, as inherited from the Commander's father, is seriously distorted and dangerous, and because of this so-called Muslim outreach and blatant and undeniable support of all Muslims, Defendant Biden and the Obama administration, is in effect providing support to these terrorist organizations by offering up our men and women on a silver platter to the enemy.

58. Defendants Karzai, Defendant Afghanistan, Defendant Iran, and the Taliban, and Al Qaeda have also engaged in criminal acts intended and calculated to create a state of terror in the minds of particular persons or group of persons or the general public as defined in the League of Nations Convention (1937) and the General Assembly Resolution 51/210 (1999) wherein such acts are strongly condemned.

59. In addition, Defendants Karzai, Afghanistan, and Iran, and the Taliban, and Al Qaeda have engaged in crimes against a population intended to cause death and serious bodily harm to civilians and non-combatants with the purpose of intimidating a population in violation of UN Resolution May 17, 2005 and UN General Assembly Resolution 49/60 of December 9, 1994 adopting the Declaration of Measures to Eliminate International

Terrorism and all other citations therein condemning terrorists which are hereby incorporated by reference; and UN General Assembly Resolution 42/159 (adopted December 7, 1987) and other international laws and jus cogens as set forth herein and elsewhere.

60. Defendant Karzai's, Defendant Afghanistan's, and Defendant Iran's acts of terrorism violate the law of nations and international standards of decency.

61. Defendants Biden, Panetta, Karzai, Afghanistan, and Iran, conspired with and aided, abetted, facilitated, solicited, and gave material support to terrorist organizations. This is a violation of the law of nations.

62. At the time of the occurrences herein, Defendants Karzai, Afghanistan, and Iran, acting individually and in concert with the terrorist organizations Al Qaeda and the Taliban, and other terrorist groups and nation states, were engaged in committing violent activities, including but limited to the murders of the SEAL Team VI members and other special operations servicemen described herein.

63. Defendants Biden and Panetta knew or should have known that the seven Afghani commandos who were switched out at the last minute could have been Afghan operatives, loyal only to their Muslim kind as their laws and religion dictate, compromising the mission of Navy SEAL Team VI and other special operations servicemen which ultimately led to their deaths.

64. As heretofore alleged, Defendants Biden, Panetta, Karzai, Afghanistan and Iran, directly and by and through their agents have provided substantial support to terrorist organizations which have then carried out vicious acts against both civilians and military targets, to inflict the maximum amount of damage, with total disregard for human life.

Again, this includes direct or indirect payments of $1,000 bounty per head for the murder of United States Servicemen and $6,000 for the destruction of U.S. Army vehicles. This support has been in the form of direct payments, training, equipping, and mobilizing. The direct result of this support has been the murders and crimes against humanity.

65. At all times hereto, the Defendants Biden, Panetta, Karzai, Afghanistan, and Iran knew or should have known that providing such assistance to Al Qaeda and the Taliban and other terrorist groups and nation states would facilitate and aid and abet the commission of murders, including the murders of the Plaintiffs' decedents, SEAL Team VI members and other special operations servicemen.

66. As a result of such support to terrorist groups, Defendants Biden, Panetta, Karzai, Afghanistan, and Iran, violated the law of nations, established United States law, international laws, treaties and norms, including but not limited to those sections previously set forth: The Declaration on Measures to Eliminate International Terrorism and citations therein incorporated by reference adopted by the United Nations General Assembly on December 9, 1994 (GA Res. 49/50); The Anti-Terror Act, 18 U.S.C. 113B; The Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996); The Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 ("USA Patriot Act"), Pub. L. No. 107-56, 115 Stat. 271 (2001); The Convention on the Prevention and Punishment of the Crime of Genocide; Art. 2, December 9, 1949, 78 UNTS; International Convention for the Suppression of the Financing of Terrorism, 39 I.L.M. 270 (Dec. 9, 1997); G.A. Res. 54/109, 1 UN Doc A/RES/54/109 (Dec. 1, 1999) and ratified by over 130 countries (The Financing Convention); United Nations Charter, 59 State. 1031, 3 Bevans 1153

(1945); Universal Declaration of human Rights, G.A. Res. 217A (iii), U.N. Doc. A/810

(1948); International Covenant on Civil and Political Rights, G.A. Res. 2222A(xxi), 21

U.N. Doc., GAOR Supp. (No. 16) at 52 U.N. Doc. A 6316 (1966); Common Article 3 of

the 1949 Geneva Convention; Article 4 and 13 of the 1997 Geneva Protocol II;

Convention on Combating Bribery of Foreign Public Officials in International Business

Transactions, 37 I.L.M. 1(Dec. 18, 1997); and other jus cogens.

67. The murders of Plaintiffs' decedents were a direct and proximate result of Defendants

Biden, Panetta, Karzai, Afghanistan, and Iran, conspiring with and providing aid to

terrorist organizations, and through their individual and government acts, as hereinabove

alleged, jointly and severally.

68. Defendants Biden, Panetta, Karzai, Afghanistan, and Iran are liable to Plaintiffs in that

they aided and abetted, directed, ordered, requested, paid, were reckless in dealing with,

participated in a joint criminal enterprise with, confirmed, ratified, and conspired with Al

Qaeda, the Taliban, and other terrorist groups and nation states in bringing about and

perpetrating acts of terrorism against Plaintiffs.

69. The murderous acts of terrorism and violations of human rights and other torts against

Plaintiffs were made possible and advocated by Defendant Biden's, Defendant Panetta's,

Defendant Karzai's, Defendant Afghanistan's, and Defendant Iran's inhuman behavior

hereinabove alleged and their own individual and government official acts.

70. Defendants Biden, Panetta, Karzai, Afghanistan, and Iran and their agents knowingly and

substantially assisted Al Qaeda, the Taliban, and other terrorist groups and nation states

and their collaborators to commit acts that violate established international law and norms

and facilitated the commission of international law violations by providing these terrorist

groups and their collaborations with the tools, money, instrumentalities, and services to commit these violations with actual or constructive knowledge that those tools, instrumentalities and services would be (or could be) used in connection with the purpose.

71. By reason of the wrongful conduct of the Defendants Biden, Panetta, Karzai, Afghanistan, and Iran, each and every one of them, jointly and severally, Plaintiffs, acting on behalf of themselves and their sons, Plaintiffs' decedents, suffered conscious pain, suffering, severe emotional distress and death, and have suffered pecuniary and economic damage, loss of support, loss of nurture, care and guidance, grief, anguish, loss of services, loss of society, and other mental and physically injuries and accordingly.

72. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, demand that judgment be entered against Defendants Biden, Panetta, Karzai, Afghanistan, and Iran, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, reasonable attorneys fees, pre-judgment interest, post-interest, costs, an award in excess of $200,000,000.00, and such other relief as the Court may deem just and proper.

## FIFTH CLAIM FOR RELIEF

### (Assault and Battery - Each and Every Defendant)

73. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, repeat and reallege all of the previous allegations in paragraphs 1 through 72 of this Complaint with the same force and affect, as if fully set forth herein again at length.

74. Defendants Karzai, Afghanistan, and Iran placed Plaintiffs themselves, and their decedents in apprehension of an imminent harmful or offensive contact and intended to

cause an offensive touching. Here, the intent to cause offensive touching resulted in the death of SEAL Team VI members and other special operations servicemen.

75. In addition, Defendants Biden and Panetta, along with Defendants Karzai, Afghanistan, and Iran, placed Plaintiffs themselves and their decedents in apprehension of an imminent harmful or offensive contact. Plaintiff's decedent, Aaron Vaughn, called his mother, Plaintiff Vaughn, shortly before he was killed and expressed his concern for his family. Aaron told Plaintiff Vaughn to immediately clear her social media accounts because there was terrorist and other "chatter." He was scared for his family. Moreover, on June 6, 2011, Michael Strange's birthday, Plaintiff Charles Strange spoke with his son Michael in person. Michael grabbed his father by the biceps three times, and said, "listen to me, dad. Set up a will." Plaintiff Charles Strange asked Michael what was happening, but Michael, because of his position, was unable to give specifics. Michael said he was "afraid for my life" as a result of the disclosures of Defendants Biden and Panetta. Defendant Biden and Defendant Panetta not only put a retaliatory target on the back of the Navy SEAL Team VI and other special operations servicemen, but they put a target on Plaintiffs themselves. Security experts know that terrorist organizations attempt to harm family members of servicemen. It is military protocol to protect not just the servicemen, but their families as well.

76. It is reasonably foreseeable that the parents of these fallen heroes would be targeted and threatened by radical Muslim terrorist groups such as the Taliban and Al Qaeda. Defendants Biden and Panetta knew or should have known this because of the nature of war, particularly a war that seeks to engage and kill the well-ingrained character of fundamentalist, Islamic, radical jihadists.

77. Indeed, since the retaliatory death of their sons, some of the families have been threatened in their homes by Islamic terrorist interests and radical terrorist groups and others and these threats continue. These threats of severe bodily injury and death make Plaintiffs, acting on behalf of themselves and their decedents, fearful of an imminent attack and serious bodily injury or death by the Taliban and Al Qaeda and homegrown, domestic jihadists and insurgents.

78. As a direct and proximate result of Defendant Biden's, Defendant Panetta's, Defendant Karzai's, Defendant Afghanistan's, and Defendant Iran's actions as described hereinabove, Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, have suffered substantial damages including, but not limited to, physical harm, severe emotional distress, anxiety, fear and apprehension, and death.

79. By reason of the wrongful conduct of the Defendants Biden, Panetta, Karzai, Afghanistan, and Iran, each and every one of them, jointly and severally, Plaintiffs and Plaintiffs' decedents suffered conscious pain, suffering, severe emotional distress and the fear of imminent serious bodily injury or death, and have suffered pecuniary and economic damage, loss of support, loss of nurture, care and guidance, grief, anguish, loss of services, loss of society, and other mental and physically injuries and accordingly.

80. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, demand that judgment be entered against Defendants Biden, Panetta, Karzai, Afghanistan, and Iran, jointly and severally, including an award of compensatory and actual damages, punitive damages, reasonable attorneys fees, pre-judgment interest, post-interest, costs, and an award in excess of $200,000,00.00, and such other relief as the Court may deem just and proper.

## SIXTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress - Each and Every Defendant)

81. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, repeat and reallege all of the previous allegations in paragraphs 1 through 80 of this Complaint with the same force and affect, as if fully set forth herein again at length.

82. Defendant Biden's, Defendant Panetta's, Defendant Karzai's, Defendant Afghanistan's, and Defendant Iran's willful and reckless acts constitute outrageous and willful conduct insofar as Defendants Biden and Panetta had reason to know that their unlawful disclosures exposed the servicemen and their families to a substantial risk of retaliatory attacks by releasing the name of SEAL Team VI at various political functions just days after the death of master terrorist Osama Bin Laden. Defendants Biden and Panetta released the names in order to grandstand, and this grandstanding for political purposes created an unnecessary and substantial danger of harm by depriving Plaintiffs' decedents of proper protection which undoubtedly contributed to their deaths, and in effect, killed Plaintiffs' decedents by their recklessness and exposed the decedents families to the real imminent of serious bodily injury and death into the future.

83. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, have suffered severe emotional distress as a result of Defendant Biden's, Defendant Panetta's, Defendant Karzai's, Defendant Afghanistan's, and Defendant Iran's heinous conduct.

84. Additionally, Defendant Biden's, Defendant Panetta's, and Defendant Karzai's conduct was outrageous insofar as a Muslim cleric was invited to the funeral of the fallen Navy SEAL members and special operations servicemen, who disparaged the memory of these servicemen by damning them as infidels to the Muslim god Allah.

85. Defendants Biden, Panetta, Karzai, Afghanistan, and Iran intended to cause Plaintiffs emotional distress and acted in reckless disregard causing Plaintiffs emotional distress in committing these acts.

86. Defendants Biden and Panetta were agents of the United States when they committed these acts.

87. As a direct and proximate result of Defendant Biden's, Defendant Panetta's, Defendant Karzai's, Defendant Afghanistan's, and Defendant Iran's acts, Plaintiffs' decedents suffered death and Plaintiffs and their families continue to suffer mental anguish and severe emotional distress.

88. By reason of the wrongful conduct of the Defendants Biden, Panetta, Karzai, Afghanistan, and Iran, each and every one of them, jointly and severally, Plaintiffs and Plaintiffs' decedents suffered conscious pain, suffering and death, and have suffered pecuniary and economic damage, loss of support, loss of nurture, care and guidance, grief, anguish, loss of services, loss of society, and other mental and physically injuries and accordingly.

89. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, demand that judgment be entered against Defendants Biden, Panetta, Karzai, Afghanistan, and Iran, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, reasonable attorneys fees, pre-judgment interest, post-interest, costs, and an award in excess of $200,000,00.00, and such other relief as the Court may deem just and proper.

## SEVENTH CLAIM FOR RELIEF

### (Wrongful Death – Each and Every Defendant)

90. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, repeat and reallege all of the previous allegations in paragraphs 1 through 89 of this Complaint with the same force and affect, as if fully set forth herein again at length.

91. Defendants Biden, Panetta, Karzai, Afghanistan, and Iran, each and every one of them, jointly and severally, were responsible for the deaths of the United States Navy SEAL Team VI members and other special operations servicemen that were killed in the August 6, 2011 helicopter attack.

92. The deaths of the Plaintiffs' decedents were a result of negligence or unlawful actions on the part of Defendants Biden, Panetta, Karzai, Afghanistan, and Iran.

93. By reason of the wrongful conduct of Defendants Biden, Panetta, Karzai, Afghanistan, and Iran, each and every one of them, jointly and severally, Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, suffered conscious pain, suffering, severe emotional distress and death, and have suffered pecuniary and economic damage, loss of support, loss of nurture, care and guidance, grief, anguish, loss of services, loss of society, and other mental and physically injuries and accordingly.

94. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, demand judgment be entered against Defendants Biden, Panetta, Karzai, Afghanistan, and Iran, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, reasonable attorneys fees, pre-judgment interest, post-interest, costs, an award in excess of $200,000,000.00, and such other relief as the Court may deem just and proper.

## EIGHTH CLAIM FOR RELIEF

### (Negligence – Defendants Biden and Panetta)

95. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, repeat and reallege all of the previous allegations in paragraphs 1 through 94 of this Complaint with the same force and affect, as if fully set forth herein again at length.

96. Defendants Biden and Panetta had a duty to act reasonably and use due care towards their servicemen, Navy SEAL Team VI and other special operations servicemen.

97. Defendants Biden and Panetta breached that duty of care on May 3, 2011 and at other celebratory gatherings by intentionally and willfully disclosing the name of SEAL Team VI as the team responsible for the death of Osama Bin Laden in order to grandstand for political purposes. This international leak not only put a retaliatory target on the backs Plaintiffs' decedents, and it also foreseeably put a retaliatory target on the backs of Plaintiffs and their families.

98. As a direct result of the public disclosure of Navy SEAL Team VI and other special operations servicemen and the negligence of Defendants Biden and Panetta, Plaintiffs' decedents were attacked and killed by terroristic, Taliban jihadists and suffered conscious pain and suffering, fatal bodily injuries, and finally death.

99. The deaths of Navy SEAL Team VI and other special operations servicemen were directly and proximately caused by the negligent actions of Defendants Biden and Panetta.

100. That Plaintiffs, on behalf of themselves, the surviving parents of Navy SEAL Team VI and special operations servicemen sustained pecuniary loss, mental anguish, severe

emotional pain and suffering and other damages arising out of the death of their sons and having targets put on their backs by Defendants Biden and Panetta.

101. By reason of the wrongful conduct of the Defendants Biden and Panetta, each and every one of them, jointly and severally, Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, suffered conscious pain, suffering and death, and have suffered pecuniary and economic damage, loss of support, loss of nurture, care and guidance, grief, anguish, loss of services, loss of society, and other mental and physically injuries and accordingly.

102. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, demand that judgment be entered against Defendants Biden and Panetta, jointly and severally, including an award of compensatory and actual damages, punitive damages, reasonable attorneys fees, pre-judgment interest, post-interest, costs, an award  in excess of $200,000,000.00, and such other relief as the Court may deem just and proper.

## NINTH CLAIM FOR RELIEF

### (Gross Negligence – Defendants Biden and Panetta)

103. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, repeat and reallege all of the previous allegations in paragraphs 1 through 102 of this Complaint with the same force and affect, as if fully set forth herein again at length.

104. Defendant Biden's and Defendant Panetta's actions not only fall below the standard of care of a reasonable person in the same or similar circumstances, but are so careless that they warrant recklessness in terms of culpability. It is foreseeable that the parents of these fallen heroes would be targeted and threatened by radical Muslim terrorist groups such as the Taliban and Al Qaeda. Defendants Biden and Panetta, knew or should have known

that the terrorist groups would attempt to destroy not only Plaintiffs' decedents, but also Plaintiffs themselves.

105. Defendants Biden and Panetta, acting on behalf of President Obama, intentionally released the name of SEAL Team VI, recklessly and with a conscious disregard of exposing its members to retaliatory attack by terrorist groups which ultimately led to the servicemen's death.

106. By reason of the wrongful conduct of the Defendants Biden and Panetta, each and every one of them, jointly and severally, Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, suffered conscious pain, suffering, severe emotional distress and death, and have suffered pecuniary and economic damage, loss of support, loss of nurture, care and guidance, grief, anguish, loss of services, loss of society, and other mental and physically injuries and accordingly.

107. Plaintiffs demand that judgment be entered against Defendants Biden and Panetta, each and every one of them, jointly and severally, including an award of compensatory and actual damages, punitive damages, reasonable attorneys fees, pre-judgment interest, post-interest, costs, an award in excess of $200,000,000.00 and such other relief as the Court may deem just and proper.

## **PRAYER FOR RELIEF**

A. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, demand judgment be entered against Defendants Biden, Panetta, Karzai, Afghanistan, and Iran, each and every one of them, jointly and severally, for compensatory and actual damages because of Defendant Biden's, Defendant Panetta's, Defendant Karzai's, Defendant Afghanistan's, and Defendant Iran's demonstrable physical and emotional injury to Plaintiffs and Plaintiffs' decedents,

punitive damages because of Defendants callous and reckless indifference and malicious acts, and attorneys fees, costs, an award in excess of $200,000,000.00 and such other relief the Court may deem just and proper.

B. Plaintiffs, on behalf of themselves and their sons, Plaintiffs' decedents, demand relief for the death of their sons in the following ways: (1) an apology from President Barack Hussein Obama, and Defendants Joseph Robinette Biden and Leon Edward Panetta for allowing a Muslim cleric to desecrate the souls of their sons; (2) a second, full-blown memorial service without a Muslim cleric but made up of priests or ministers of the fallen heroes' religions; and (3) a bona-fide, thorough, and honest investigation into all the facts surrounding the deaths of the servicemen which will uncover the truth regarding why Obama, and Defendants Biden, and Panetta disclosed the names of Navy SEAL Team VI thereby putting a retaliatory target on the servicemen's' backs and Plaintiffs' and their families' backs; why middle-level military brass carries out too many ill-prepared mission to boost the standing with top-level military brass and the Commander-in-Chief, Obama, in order that they can be promoted; how the military restricts special operations servicemen and others from engaging in timely return fire when fired upon; why Afghani forces on the helicopter August 6, 2011 were not properly vetted and, upon information and belief, disclosed classified information to the Taliban and other terrorist organizations; and how military brass, while prohibiting any mention of a Judeo-Christian God, invited a Muslim cleric to the funeral who disparaged in Arabic the memory of these heroes, as well as other related matters.

## JURY DEMAND

**Plaintiffs, on behalf of themselves and their sons, Plaintiffs decedents, respectfully demand a jury trial on all issues so triable.**

Dated: June 26, 2013

Respectfully submitted,

*/s/ Larry Klayman*
Larry Klayman, Esq.
Florida Bar No. 246220
Freedom Watch, Inc.
2775 NW 49th Ave, Suite 205-345
Ocala, FL 34483
(310) 595-0800
leklayman@gmail.com

Attorney for Plaintiffs, on behalf of themselves and
Plaintiffs' decedents.